IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WAYNE BINFORD, <br> (TDCJ-CID #1368265) <br> Plaintiff, | § § § § | |
| vs. | § | CIVIL ACTION H-12-0162 |
| KATHRYN MARTEENY, <br> Defendant. | § § § § § | |

## MEMORANDUM ON DISMISSAL

### I.  Background

Wayne Binford, a Texas Department of Criminal Justice inmate, sued in January 2012, alleging civil rights violations resulting from a denial of due process. Binford, proceeding pro se and *in forma pauperis,* sues Kathryn Marteeny.

Binford asserts that Marteeny represented his ex-wife during divorce proceedings in 2009. He complains that Marteeny wrote a letter to the Texas Board of Pardons and Paroles ("Board") on February 24, 2010. He asserts that the letter contained false accusations and caused the Board to deny his release to parole.

Binford includes a copy of a cease and desist letter prepared by Marteeny. (Docket Entry No. 1, Complaint, Ex. 1, p. 1). In the letter, Marteeny notes that Binford had revealed his ex-wife's social security number to several potential employers in the healthcare field. In the letter, Marteeny further noted that Binford had written several threatening letters to his ex-wife.

Binford seeks unspecified monetary damages and the expungement of all defamatory letters from his parole file.

## II. Discussion

Under 28 U.S.C. § 1915A, federal courts are authorized to review, before docketing, if feasible, or in any event as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. The court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Richardson v. Spurlock,* 260 F.3d 495, 498 (5th Cir. 2001)(citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998)(quoting *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997)).

A cause of action under 42 U.S.C. § 1983 requires a showing that Binford has been deprived of a right secured by the Constitution or laws of the United States, and that the deprivation was caused by someone acting under color of state law. *Baker v. McCollan,* 443 U.S. 137 (1979).

Generally, nothing in the language of the Due Process Clause requires the state to protect the life, liberty, and property of its citizens against invasion by private actors. *Piotrowski v. City of Houston,* 51 F.3d 512, 515 (5th Cir. 1995)(citing *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.,* 489 U.S. 189, 195 (1989)). The Due Process Clause confers protection to the general public against unwarranted governmental interference, but it does not confer an entitlement to governmental aid as may be necessary to realize the advantages of liberty guaranteed by the Clause. *Walton v.*

*Alexander*, 44 F.3d 1297, 1302 (5th Cir. 1995)(en banc).

The actions of private actors such as the named defendant do not constitute state action under 42 U.S.C. § 1983. *See Briscoe v. LaHue*, 460 U.S. 325, 329 (1983). Binford has failed to demonstrate that he has been deprived of a right secured by the Constitution or laws of the United States, and that the deprivation was caused by someone acting under color of state law. Binford's claims against the named defendant are DISMISSED as frivolous.

Binford apparently contends that he has a liberty interest in release on parole. The Supreme Court has held that state statutes define the extent of a prisoner's liberty interest in parole release. *Bd. of Pardons v. Allen*, 482 U.S. 369, 371 (1987). When a state statute only holds out the possibility of parole, it provides "no more than a mere hope that the benefit will be obtained . . . a hope which is not protected by due process." *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 11 (1979).

The Texas statute creates only a possibility of parole and does not create a liberty interest. *Gilbertson v. Tex. Bd. of Pardons and Paroles*, 993 F.2d 74, 75 (5th Cir. 1993). Binford has no constitutional right to parole. *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995). The Fifth Circuit has expressly held that there is no constitutional expectancy of parole in Texas. *Creel v. Keens*, 928 F.2d 707 (5th Cir. 1991), *cert. denied*, 501 U.S. 1210 (1991). There is no constitutional right under Texas law to be released on parole. *Madison*, 104 F.3d at 768 (citing TEX. CODE CRIM. P. ANN. art. 42.18, § 8(a)). The Fifth Circuit has repeatedly refused to recognize a constitutionally-protected interest arising out of Texas parole statutes. *See Madison v. Parker*, 104 F.3d at 768; *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995); *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995), *cert. denied*, 116 S. Ct. 736 (1996); *Creel v. Keens*, 928 F.2d 707, 709-12 (5th Cir. 1991), *cert. denied*, 501 U.S. 1210

1/31/12 O:\RAO\VDG\2012\12-0162.a01.wpd

3

(1991).

Although Binford contends that his prison file contains false information regarding his criminal history, Binford points to no denial of procedure for demonstrating the falsity of this information. "It follows that because [the prisoner] has no liberty interest in obtaining parole in Texas, he cannot complain of the constitutionality of procedural devices attendant to parole decisions." *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995)(quoting *Orellana*, 65 F.3d at 32).

### III. Conclusion

Binford's motion to proceed *in forma pauperis*, (Docket Entry No. 2), is GRANTED. The action filed by Wayne Binford (TDCJ-CID Inmate #1368265) lacks an arguable basis in law. His claims are DISMISSED with prejudice under 28 U.S.C. § 1915A(b)(1).

The TDCJ-CID must deduct twenty percent of each deposit made to Binford's inmate trust account and forward payments to the court on a regular basis, provided the account exceeds $10.00, until the filing fee obligation of $350.00 is paid in full.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159;

(2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and

(3)  the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-Strikes List.

SIGNED at Houston, Texas, on ___Feb 1___, 2012.

_____
VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE